IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

RICHARD VAUGHN Sr., RICHARD VAUGHN Jr. *Individually and as Personal Representative for The Estate of Teresa Vaughn, Deceased*, MARJO VAUGHN, LARRY VAUGHN, DEBRA BLANK, and VIVIAN KIMBOL,

        Plaintiffs,

v.

KLAMATH COUNTY FIRE DISTRICT No. 1 *an Oregon Special District*, GREGORY DAVIS *an individual*, CODY ENGLER *an individual*, and ALEX DUSTIN *an individual*,

        Defendants.

Case No. 1:22-cv-00161-CL

OPINION AND ORDER

---

CLARKE, Magistrate Judge.

Plaintiffs Richard Vaughn Sr., Richard Vaughn Jr., Marjo Vaughn, Larry Vaughn, Debra Blank, and Vivian Kimbol ("Plaintiffs") move for entry of sanctions due to spoliation of the evidence against Defendants Cody Engler and Alex Dustin ("Defendants"). ECF No. 89. Oral Argument was held on December 11, 2024. For the reasons below, Plaintiffs' motion should be DENIED.

## BACKGROUND

On December 26, 2020, Teresa Vaughn was having trouble breathing. ECF No. 1 at ¶ 1. Teresa's partner, Vivian Kimbol, called 911 to report this and let the dispatcher know Teresa had tested positive for Covid-19. *Id.* Seven minutes later a single unit from the Klamath County Fire

Opinion and Order – Page 1

District ("KCFD") responded with two paramedics, Defendants Cody Engler and Alex Dustin. *Id.*, ECF No. 89 p. 2.

Plaintiffs claim Defendants Engler and Dustin refused to provide medical services and forced Ms. Kimbol to drive Teresa to the hospital. ECF No. 1 at ¶ 3. During the drive, Ms. Vaughn had a cardiac event, and she died later that night. *Id.* at ¶¶ 3-4.

On February 1, 2021, Defendant KCFD's former general counsel Stephen Hedlund sent a letter to Plaintiffs acknowledging that Plaintiffs were seeking records from KCFD "regarding the loss of [Ms. Vaughn]." Decl. of Kirk W. Mylander ("Mylander Decl.") Ex. 1.

On March 12, 2021, Mr. Hedlund refused to provide documents to the Plaintiffs, claiming that documents regarding Ms. Vaughn's death were "conditionally exempt from disclosure pursuant to ORS 192.345."[1] Mylander Decl. Ex. 2.

On May 26, 2021, Plaintiffs' attorney sent a letter of notice under ORS 30.275 to representatives for KCFD. Mylander Decl. Ex. 3. The letter also requested the preservation of certain documents by KCFD, including instant messages, cell phones, and telephone logs within its possession, custody, or control. *Id.*

On February 3, 2023, Plaintiffs requested copies of Defendants' cell phone billing statements in their Second Request for Production of Documents to Defendants. Mylander Decl. Ex. 4. On March 21, 2023, KCFD produced screenshots of Defendant Engler's text messages. Reese Decl. ¶ 2. Additionally, Defendant requested the relevant records from his carrier, Verizon, and informed Plaintiffs' counsel that he was in the process of obtaining responsive documents. *Id.* at ¶ 5.

---

[1] ORS 192.345 exempts public records from disclosure that are related to litigation when "the complaint has not been filed, if the public body shows that such litigation is reasonably likely to occur." Thus, Plaintiffs argue that on March 12, 2021, Defendants were asserting that litigation was likely to occur.

Opinion and Order – Page 2

In response, Verizon informed Defendant that any records outside of billing records accessible via log-in to Defendant's online account would require a subpoena. *Id.* at ¶ 4. On July 20, 2023, Defendant served Verizon with a subpoena requesting phone records. *Id.* Ex. 1. On August 2, 2023, Verizon responded to Defendant's subpoena advising that the July 20, 2023, subpoena was "vague", and that Defendant would need to resubmit the subpoena to further detail the information sought. *Id.* Ex. 2. Defendant submitted a revised subpoena two days later, and on August 10, 2023, Verizon agreed to provide Defendant with the billing records that were available. *Id.* Ex. 3-4.

The billing records for Defendant Engler were produced on September 13, 2023, and the billing records for Defendant Dustin were produced on October 10, 2023. ECF No. 89 p. 7. The records did not include text messages or associated details, and Verizon acknowledged the records were limited to the last 365 days. *Id.* at 8.

## DISCUSSION

Plaintiffs seek entry of sanctions against Defendants for their failure to preserve electronically stored information ("ESI") pursuant to Federal Rule of Civil Procedure 37(e). Because Plaintiffs fail to meet the standard set forth by the Ninth Circuit to determine when spoliation sanctions are appropriate, the motion is denied.

### I. Legal standard

Federal Rule of Civil Procedure 37(e) sets the standards for sanctions arising from the spoliation of ESI. "Spoliation is the destruction or material alteration of evidence, or the failure to otherwise preserve evidence, for another's use in litigation." *Surowiec v. Capital Title Agency, Inc.*, 790 F.Supp.2d. 997, 1005 (D. Ariz. 2011). Spoliation arises from the failure to preserve relevant evidence once a duty to preserve has been triggered. *Id.* at 1005.

"Rule 37(e) authorizes a court to sanction a party for losing or destroying ESI it had a duty to preserve." *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 334 (D. Ariz. 2022). If ESI that "should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery," a court:

> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>> (A) presume that the lost information was unfavorable to the party;
>>
>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>
>> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

In determining whether there has been spoliation, most trial courts in the Ninth Circuit apply a three-part test. The moving party must demonstrate the following:

> (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed;
>
> (2) the evidence was destroyed with a culpable state of mind; and
>
> (3) the evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*State Farm Fire & Cas. Co. v. Gen. Motors, LLC*, 542 F. Supp. 3d 1124, 1128 (D. Idaho 2021) (quoting *Bell v. City of Boise*, No. 1:09-cv-540-REB, 2015 WL 13778741, at *2 (D. Idaho Aug. 23, 2015)).

In *First Financial Security, Inc. v. Freedom Equity Group, LLC*, No. 15-cv-1893-HRL, 2016 WL 5870218 (N.D. Cal. Oct. 7, 2016) ("FFS"), the court sanctioned defendants for failing to preserve text messages on their personal phones but did not sanction them for failing to preserve phone records that Verizon destroyed in the ordinary course of business. *Id.* at *3-4. In *FFS*, the defendant admitted, "there is no getting around the fact that the texts were deleted." *Id.* at *3 (cleaned up). At the time the texts were deleted, the duty to preserve evidence in anticipation of litigation had already arisen. Due to the blatant violation of the duty to preserve relevant evidence within the defendant's possession, custody, or control, the court chose to impose sanctions. *Id.* at *3-4. Despite imposing sanctions for the spoliation of text messages, the court in *FFS* did not impose sanctions for spoliation of phone records. The court explained, "[e]ven assuming the phone records were under the 'control' of [Defendant, the court] is nevertheless not persuaded [Plaintiff] was prejudiced by the spoliation of the phone records or that [Defendant] intentionally acted with an intent to deprive [Plaintiff] of the use of the phone records." *Id.* at *4. "Furthermore, the [court] is not persuaded that [Defendant] bears a significant degree of fault for failing to realize Verizon would destroy the phone records in the ordinary course of business." *Id.*

## II. Plaintiffs' motion for sanctions is denied.

Applying the three-part test and case law provided above, the Court finds that there has not been spoliation of evidence in this case. Consequently, Plaintiffs' motion for sanctions is denied.

### a. Defendants did not fail in their duty to preserve the evidence.

Evidentiary duties generally apply to evidence within a party's "possession, custody, or control." *See* Fed. R. Civ. P. 26(a); Fed. R. Civ. P. 34(a). Here, to the extent Defendants had custody over relevant evidence, such as the text messages on their phones, they properly preserved it. By contrast, the Verizon records were not within Defendants' possession, custody, or control. Therefore, Defendants did not have a duty to preserve these records as evidence.

Here, unlike in *FFS*, there is no clear evidence that Defendants ever deleted any relevant text messages on their personal phones. Furthermore, when requested, Defendants timely produced the text messages that they did have on their phones. Thus, unlike the defendants in FFS who admitted to deleting evidence within their control, therefore justifying sanctions, Defendants here preserved and presented the messages on their phones. As a result, sanctions should not be imposed.

By contrast, the Court finds that the Verizon records were outside of Defendants' possession, custody, or control. Defendants were unable to access the requested records without a subpoena. Thus, the records held by Verizon were outside the direct control of the Defendants, and it was not their duty to preserve them.

### b. Defendants did not possess a culpable state of mind.

In the Ninth Circuit, bad faith is not required for a court to sanction a party for allowing the spoliation of evidence. "A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the [evidence was] potentially relevant to the litigation before [it was] destroyed.'" *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (emphasis omitted) (citation omitted). However, not every instance of destroyed evidence qualifies for sanctions. *See FFS* at *4.

Here, much like in *FFS*, there is no evidence that Defendants possessed a culpable state of mind to earn sanctions for the loss of the Verizon records. Deleting Defendants' phone histories was a part of Verizon's normal business protocol. Defendants did not take any affirmative actions to destroy these records. In fact, when Plaintiffs requested the Verizon records, Defendants timely subpoenaed Verizon to obtain them. Verizon took issue with the first subpoena, and Defendants timely issued a revised subpoena. Once Verizon produced the records they had remaining on file, Defendants timely shared these with Plaintiff. Thus, to the extent Defendants were afforded access to the records, they did everything in their power to promptly share them with Plaintiffs. Finally, even if relevant records were deleted by Verizon, the Court here finds it was not Defendants' fault for failing to realize Verizon would destroy the records in the ordinary course of business.

Additionally, there is insufficient evidence that Defendants took any action to delete the messages on their phones which were within their possession and control. Because Defendants did not intentionally act to delete any records, they lack the culpable state of mind necessary to apply sanctions.

### c. The relevance of the alleged missing evidence is not well established.

To prove the third element of relevance for the purpose of spoliation, the moving party must satisfy a "two-pronged finding of relevance and prejudice." *Star Envirotech, Inc. v. Redline Detection, LLC*, No. SA CV 12-01861 JGB (DFMx), 2015 WL 9093561, at *5 (C.D. Cal. Dec. 16, 2015). To demonstrate that evidence is relevant, the moving party must show that the "destroyed evidence would have been useful for a 'reasonable trier of fact' to decide the underlying claim." *Odeh-Lara v. Synchrony Bank*, 2021 WL 8086854, at *2 (C.D. Cal. Oct. 12, 2021). To establish prejudice, the moving party must show "that the spoiling party's actions

impaired the non-spoiling party's ability to go to trial or threatened to interfere with the rightful decision of the case." *Id.* (cleaned up). Ultimately, prejudice is shown when the moving party is "forced… to rely on incomplete and spotty evidence" at trial. *Id.* (quoting *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 354 (9th Cir. 1995)).

Although it is true that Verizon deleted Defendants' phone records after a certain period, meaning some of Defendants' phone records are inaccessible, Plaintiffs have not established that these missing records are relevant to this case. Even if Plaintiffs could establish relevance, they still fail to establish prejudice. Verizon deletes text message content from its system within five days of the date of transmission or receipt. Thus, it would be impossible for Defendants to preserve these records unless they requested the records within five days of any relevant messages being sent or received. This is not a reasonable expectation. Moreover, because Verizon's stored call and text logs lack content of the messages beyond five days, Defendants' records after that point would provide little if any probative value to Plaintiffs' argument.

## ORDER

Plaintiffs fail to establish all three elements of the test to issue sanctions. Even if Plaintiffs could establish one or two elements, all three are necessary for the Court to issue sanctions. Thus, Plaintiffs' Motion for Sanctions (ECF No. 89) is DENIED.

IT IS SO ORDERED and DATED this 30 day of April, 2025.

_____
MARK D. CLARKE
United States Magistrate Judge